**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HARTFORD FIRE INSURANCE CO.,

    Plaintiff,

vs.                                          Case No. 3:18-cv-486-J-34JBT

FIDELITY NATIONAL FINANCIAL, INC.,
and SERVICELINK FIELD SERVICES, LLC,
f/k/a LPS FIELD SERVICS, INC.,

    Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

    Plaintiff initiated the instant action on April 12, 2018, by filing a two-count Complaint for Declaratory and Other Relief (Doc. 1; Complaint), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Complaint at ¶ 10. Plaintiff

1

further asserts that the amount in controversy exceeds $75,000.  Id. at ¶ 11.  In the Complaint, Plaintiff asserts that it is a Connecticut corporation with its principal place of business in Hartford, Connecticut.  Id. at ¶ 7.  Plaintiff brings this action against two defendants, one of which is a corporation and the other of which appears to be a LLC.  Id. at ¶¶ 8-9.  As to the corporate defendant, Fidelity National Financial Inc., Plaintiff alleges that it is a Delaware corporation with its principal place of business in Jacksonville, Florida.  Id. at ¶ 8.  With respect to the other defendant, Servicelink Field Services, LLC, Plaintiff asserts that it is "a Delaware <u>corporation</u> with its principal place of business in Westminster, Colorado."  Id. at ¶ 9 (emphasis added).  However, Servicelink Field Services, LLC, cannot be both a limited liability company and a corporation.  Additionally, because the requirements for demonstrating the citizenship of a limited liability company and a corporation are different, the Court cannot determine Servicelink Field Services, LLC's citizenship from the assertions in the Complaint.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  <u>Univ. of S. Ala.</u>, 168 F.3d at 412.  Relevant to this action, for the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen."  <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004).  A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"  <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).  Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a

party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, Plaintiff lists Servicelink Field Services with the denomination of "LLC," but then states that it is a "Delaware corporation." Complaint at ¶ 19. Moreover, Plaintiff describes Servicelink Field Service, LLC's citizenship as though it was a corporation, rather than a LLC. As such, the Court is unable to determine Servicelink Field Services, LLC's corporate form. Accordingly, clarification is necessary to establish this Court's diversity jurisdiction.

First, Plaintiff must specify whether Servicelink Field Services, LLC, is a LLC or a corporation. If, despite its name, Servicelink Field Services, LLC, is a corporation, the Court can determine that it is a citizen of Delaware and Colorado based on the information contained in the Complaint. However, if Servicelink Field Services, LLC, is, as it appears to be, a LLC, Defendants must establish the citizenship of each of Servicelink Field Services, LLC's members.[1] Therefore, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.[2]

---

[1] Defendants are advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Moreover, upon further review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Count II of the Complaint "repeats and realleges the allegations of" all the proceeding paragraphs in the Complaint, including those set forth in Count I. See Complaint at ¶ 62.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117

F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiff an opportunity to file an amended complaint which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action,[3] and corrects the shotgun nature of the Complaint.

Accordingly, it is hereby

**ORDERED**:

1. The Complaint for Declaratory and Other Relief (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint curing the shotgun nature of the Complaint and curing the jurisdictional deficiencies on or before May 8, 2018. Failure to do so may result in a dismissal of this action.

---

[3] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on April 18, 2018.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties